IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gwedolyn Hollback, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01264 |
| v. | : | Judge Graham |
| Rothman Mediation Services, LLC and Andy Palumbo, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

**REPORT AND RECOMMENDATION**

This is an action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq.* This matter is before the Magistrate Judge on plaintiff's motion for default judgment for a hearing and report and recommendation (doc. 9). A hearing was held before the Magistrate Judge on July 10, 2014.

On January 2, 2014, the Clerk of Court mailed a copy of the summons and complaint to defendants by certified mail. *See* doc. 3. On January 21, 2014, the United States Postal Service reported the certified mail as unclaimed, although the Clerk of Court did not received the unclaimed until March 26, 2014. *See* docs. 5 & 6. On February 26, 2014, plaintiff requested that the Clerk of Court re-serve the defendants by ordinary mail. *See* doc. 4. The copies of the summons and complaint sent by ordinary mail have not been returned.

Rule 4(e) of the Federal Rules of Civil Procedure permits a plaintiff to serve an individual by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Rule 4.6 of the Ohio Rules of Civil Procedure states:

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. *Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.* If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

Civ. R. Rule 4.6(D)(emphasis added). As a result, the record shows that defendants have been served with the summons and complaint.

Default Judgment. If a defendant who is served with summons and complaint or who waives service fails to timely answer or otherwise respond to the complaint, plaintiff may request and the Clerk of Court will normally enter default.  Rule 55(a), Fed. R. Civ. P.  The Clerk may enter judgment only "[w]hen the plaintiff's claim against

2

a defendant is for a sum certain or for a sum which can by computation be made certain . . . ." Id.

When a defendant is in default, plaintiff's well-pled factual allegations relating to liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983). On the other hand, allegations as to damages are not accepted as true. *See Antoine,* 66 F.3d at 110; *Kelley*, 567 F. Supp. at 841; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

Rule 55(b)(2) provides that a court may hold a hearing on a motion for default judgment when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter . . . ." When a motion for default judgment is filed and the affidavits supporting the motion are insufficient for the Court to determine damages, the District Judge usually refers the motion to the Magistrate Judge for a hearing at which plaintiff has the burden of proving damages by a preponderance of the evidence. The Court may also require a *prima facie* showing of liability. *See, Moore v.*

3

*United Kingdom,* 384 F.3d 1079, 1090 (9th Cir. 2004); *Ramos-Falcon v. Autoridad de Energia Electirica,* 301 F.3d 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 2002); *TeleVideo System, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987); *Doe v. Qi,* 249 F.Supp.2d 1258, 1272 (C.D. Calif. 2004); *In re DIRECTV, Inc.*, 2004 WL 2645971 (N.D.Cal. July 26, 2004).

At the hearing, Ms. Hollback testified that beginning in September 2013, Rothman Mediation called her a number of times and left her messages. She was offered mediation. Plaintiff called them on October 10. Defendants threatened her and she believed that she would be arrested if she did not make a payments. Plaintiff felt threatened with criminal prosecution. She was told that there was an investigation and that she would be referred to the proper jurisdiction if she did not respond. Ms. Hollback was scared. She was afraid that they would show up at her workplace. She had difficulty sleeping and was constantly worried.

The Magistrate Judge RECOMMENDS that each Defendant be found liable to the Plaintiff in the amount of $1,000 in statutory damages under the FDCPA and in the amount of $200 in statutory damages under the CSPA. The Magistrate Judge also RECOMMENDS that defendants be found liable for noneconomic damages of $5,000 to the Plaintiff.  Plaintiff is entitled to recover interest, costs, and attorney fees, and the Magistrate Judge RECOMMENDS that Plaintiff be awarded $3685.00 in attorney fees and $400 in costs, for a total amount of $4085.00.

The Magistrate Judge RECOMMENDS that plaintiffs be awarded from Defendants, jointly and severally, the sum of $10,285.00, plus statutory interest from the date of judgment.

The Clerk of Court is DIRECTED to serve this Order on defendants Rothman Mediation Services, LLC, c/o Andy Palumbo, 3719 Union Road, Suite 222 Buffalo, New York 14225 and Andy Palumbo, 3719 Union Road, Suite 222, Buffalo, New York 14225.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
